UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMARA ALISHA BATTLES EL,<br><br>Plaintiff,<br><br>v.<br><br>LAURA VALENTE, Administrative Law Judge,<br><br>Defendant. | Case No. C17-1145RSM<br><br>ORDER TO SHOW CAUSE |

*Pro Se* Plaintiff Tamara Alisha Battles el has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #9. The Complaint was posted on the docket on August 14, 2017. Dkt. #10. Summons has not yet been issued.

Plaintiff brings this action against "Laura Valente, Administrative Law Judge, Social Security Administrative Offices of Disability Adjudication and Review." *Id*. Plaintiff accuses Judge Valente of "erroring in law and fact while abusing discretion when rendering decision for Claimants [sic] Disability and Supplemental Insurance application, thus violating any oaths of office." *Id*. at 1. Plaintiff alleges this Court has jurisdiction "based on the diversity of citizenship of the parties and the cause of action," and that Judge Valente "waives all implied sovereign immunity as a [sic] agent for the state and federal agencies because she committed a

ORDER TO SHOW CAUSE - 1

crimes [sic] of neglect and discrimination causing Claimant irreparable harm." *Id*. Plaintiff indicates that the source of her claim is "an unlawful unfavorable decision" rendered by Judge Valente on January 27, 2016. *Id*. Plaintiff accuses Judge Valente of denying her due process and discriminating against her "by failing to consider substantial objective medical evidence on file…" *Id*. at 2. Plaintiff demands a "Writ of Prohibito for injunction immediately restraining and removing any and ALL agency actor state and federal from any account held by [Plaintiff]," as well as a writ of mandamus and restitution in the amount of "$5,000,000.00 Five Million Dollars to relieve some of the irreparable harm caused by willful neglect and Discrimination." *Id*.

The Court notes that Plaintiff has not filed a civil action challenging Judge Valente's decision in accordance with the procedure set forth in a letter entitled "Notice of Appeals Council Action" sent to Plaintiff by the Social Security Administration. *See* Dkt. #2-2 at 2 ("[t]he Complaint should name the Commissioner of Social Security as the defendant…"); *see also* Dkt. #7 (email from Plaintiff to Court stating "[t]his is a tort claim against Laura Valente in her personal and professional capacity…").

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint does not identify what laws or statues Plaintiff believes give rise to a claim against Judge Valente personally. More importantly, this suit is based on Judge Valente's judicial actions, for which she is almost certainly immune from suit. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995) ("Administrative law judges and agency prosecuting attorneys are entitled to

ORDER TO SHOW CAUSE - 2

quasi-judicial immunity so long as they perform functions similar to judges and prosecutors in a setting like that of a court."). Plaintiff's allegation that Judge Valente has waived immunity by committing "crimes" of neglect and discrimination is unsupported by law or fact. Plaintiff's request for $5 million appears frivolous.

Considering all of the above, it appears to the Court that Plaintiff's Complaint fails to state a claim upon which relief can be granted, is frivolous, and seeks monetary relief from a defendant who is immune from such relief. Plaintiff's Complaint suffers from deficiencies that, if not adequately explained in response to this Order, will require dismissal. 28 U.S.C. § 1915(e)(2)(B).

In Response to this Order, Plaintiff must write a short and plain statement telling the Court (1) the laws upon which her claims are based, (2) how Defendant is not immune from suit, and (3) why this case should not be dismissed as frivolous. **This Response may not exceed six (6) pages**. Plaintiff is not permitted to file additional pages as attachments. The Court will take no further action in this case until Plaintiff has submitted this Response.

The Court hereby finds and ORDERS that Plaintiff shall file a Response to this Order to Show Cause containing the detail above **no later than twenty-one (21) days from the date of this Order**. Failure to file this Response will result in dismissal of this case.

DATED this 17th day of August, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 3