# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TAMARA ALISHA BATTLES EL, <br><br>  Plaintiff, <br><br> v. <br><br> LAURA VALENTE, Administrative Law Judge, <br><br>  Defendant. | Case No. C17-1145 RSM <br><br> ORDER OF DISMISSAL |

This matter comes before the Court *sua sponte* on the Court's Order to Show Cause, Dkt. #11. *Pro Se* Plaintiff Tamara Alisha Battles el has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #9. The Complaint was posted on the docket on August 14, 2017. Dkt. #10. Summons has not yet been issued.

Plaintiff brings this action against "Laura Valente, Administrative Law Judge, Social Security Administrative Offices of Disability Adjudication and Review." *Id*. Plaintiff accuses Judge Valente of "erroring in law and fact while abusing discretion when rendering decision for Claimants [sic] Disability and Supplemental Insurance application, thus violating any oaths of office." *Id*. at 1. Plaintiff alleges this Court has jurisdiction "based on the diversity of citizenship of the parties and the cause of action," and that Judge Valente "waives all implied

ORDER OF DISMISSAL - 1

sovereign immunity as a [sic] agent for the state and federal agencies because she committed a crimes [sic] of neglect and discrimination causing Claimant irreparable harm." *Id*. Plaintiff indicates that the source of her claim is "an unlawful unfavorable decision" rendered by Judge Valente on January 27, 2016. *Id*. Plaintiff accuses Judge Valente of denying her due process and discriminating against her "by failing to consider substantial objective medical evidence on file…" *Id*. at 2. Plaintiff demands a "Writ of Prohibito for injunction immediately restraining and removing any and ALL agency actor state and federal from any account held by [Plaintiff]," as well as a writ of mandamus and restitution in the amount of "$5,000,000.00 Five Million Dollars to relieve some of the irreparable harm caused by willful neglect and Discrimination." *Id*.

The Court notes that this is not a civil action challenging Judge Valente's decision in accordance with the procedure set forth in a letter entitled "Notice of Appeals Council Action" sent to Plaintiff by the Social Security Administration. *See* Dkt. #2-2 at 2 ("[t]he Complaint should name the Commissioner of Social Security as the defendant…"); *see also* Dkt. #7 (email from Plaintiff to Court stating "[t]his is a tort claim against Laura Valente in her personal and professional capacity…"). However, Plaintiff has informed the Court that she does have a separate action reviewing the agency decision at issue in this case, currently pending in the Ninth Circuit. Dkt. #12 at 1.

On August 17, 2017, this Court issued an Order to Show Cause in this matter. Dkt. #11. The Court indicated that the Complaint fails to identify what laws or statues Plaintiff believes give rise to a claim against Judge Valente personally, that Judge Valente is almost certainly immune, and that Plaintiff's claims appear frivolous. *Id*. The Court ordered Plaintiff to respond with a short and plain statement telling the Court (1) the laws upon which her claims

are based, (2) how Defendant is not immune from suit, and (3) why this case should not be dismissed as frivolous. *Id*.

On September 6, 2017, Plaintiff filed a Response. Dkt. #12. Plaintiff's Response is divided into sections responding to each of the three topics above. For "laws upon which her claims are based," Plaintiff includes, *inter alia*, the following statutes in list form: 18 U.S.C. §241–242; 42 U.S.C. §§ 1983, 1985, 1986; 18 U.S.C. §2255; 18 U.S.C. § 287; 18 U.S.C. § 152; 18 U.S.C. §1593; 18 U.S.C. §3571; 18 U.S.C. § 1001; 42 U.S.C. § 3795a. *Id*. at 2. Plaintiff appears to argue that Defendant withheld her personal property thus causing irreparable harm under § 1983. *Id*. For "how Defendant is not immune from suit," Plaintiff cites to several irrelevant areas of law, including accusing Defendant of engaging in an "economic war" in violation of international law, violating a fiduciary duty owed to Plaintiff under Defendant's oath of office, violating the Fourth Amendment to the U.S. Constitution by depriving her of security from government invasion, and engaging in civil conspiracy. *Id*. at 3. Plaintiff accuses Defendant of engaging in "willful" conduct based on a history of rendering "unfavorable decisions errored in law." Plaintiff's citation to law and quotes from cases lack analysis or a clear connection to the facts of this case. Where Plaintiff does discuss this case, she generally accuses Defendant of engaging in error by means of her judicial actions, *e.g.* Plaintiff accuses Defendant of conducting an adversarial proceeding in violation of 20 CFR 405.1(c). *Id*. at 4. Plaintiff's response to "why this case should not be dismissed as frivolous" is to provide generally out-of-context quotes from cases, *e.g.* "[s]ilence can only be equated with fraud where there is a legal or moral duty to speak, or where and [sic] inquiry left unanswered would be intentionally misleading… We cannot condone this shocking behavior… This sort of deception will not be tolerated an [sic] if this routine is [sic] should be corrected

ORDER OF DISMISSAL - 3

immediately." *Id*. at 6 (citing *U.S. v. Tweel*, 550 F.2d 297, 299–300). *Tweel* was a criminal case where the Defendant was charged with tax evasion and the Court criticized the deceptive behavior of the IRS agents involved. *See* 550 F.2d at 299–300.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The Court has reviewed the record and Plaintiff's Response and finds that this suit is based on Judge Valente's judicial actions, for which she is immune. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995) ("Administrative law judges and agency prosecuting attorneys are entitled to quasi-judicial immunity so long as they perform functions similar to judges and prosecutors in a setting like that of a court."). Plaintiff's allegation that Judge Valente has waived immunity by committing "crimes" of neglect and discrimination is unsupported by law or fact. Plaintiff's request for $5 million is frivolous. Given all of this, dismissal is therefore warranted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court hereby finds and ORDERS:

1) Plaintiff's claims are DISMISSED.

2) This matter is CLOSED.

DATED this 13th day of September 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 4